**In re Kirby E. NEUBERT and Debra A. Neubert, Debtors.**

**Lanette M. Lower and David A. Sabolcik, Jr., Plaintiffs,**

v.

**Kirby E. Neubert and Debra A. Neubert, Defendants.**

**Bankruptcy No. 03–20801–MBM.**

**Adversary No. 03–2303–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

April 29, 2004.

Dai Rosenblum, Butler, PA, for Debtors.

Carlota M. Bohm, Pittsburgh, PA, trustee.

## MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH,
Bankruptcy Judge.

**AND NOW,** this **29th day** of **April, 2004,** upon consideration of (a) the adversary complaint filed by plaintiff Lanette M. Lower (hereafter "Lower") on behalf of both herself and co-plaintiff David A. Sabolcik, Jr. (hereafter collectively referred to as "Plaintiffs"), wherein Plaintiffs (i) seek to have their pre-petition claim against Kirby E. Neubert, one of the instant debtors and defendants (hereafter "the Debtor"), declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4), which claim has neither been liquidated nor, consequently, reduced to judgment, and (ii) object to the entry of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a), and (b) the Debtor's answer, as well as all other submissions filed with the Court or handed up as exhibits at trial;

and after notice and a trial held on March 22, 2004, at which time Lower stipulated to (a) the dismissal of the instant adversary proceeding as against Debra A. Neubert, the other debtor and defendant herein, and (b) the dismissal of Plaintiffs' action as against the Debtor pursuant to § 523(a)(4),

it is hereby **ORDERED, ADJUDGED, AND DECREED** that

(a) Plaintiffs' claim is **NOT NONDISCHARGEABLE** under § 523(a)(2)(A), and such claim will thus be **DISCHARGED** by virtue of the Debtor's Chapter 7 discharge; and

(b) Plaintiffs' objection to the entry of the Debtor's Chapter 7 discharge is **CONTINUED.**

The rationale for the Court's decision is briefly set forth below.

## I.

█ Plaintiffs' theory for relief under § 523(a)(2)(A) is that, when the Debtor borrowed money from Lower, he made a false representation to her that he intended to repay such borrowed funds, which borrowed funds (a) belonged to Plaintiffs prior to such loan, and (b) were used by the Debtor as collateral for a loan that the Debtor obtained from a bank. The Debtor conceded at trial that he told Lower at some time after he obtained the borrowed funds from her that he did not intend to repay her. However, and unfortunately for Plaintiffs, they preponderantly fail to prove that the Debtor formulated such intent not to repay prior to or at the time when he borrowed the money from Lower, which time period is when the actionable false representation by the Debtor necessarily would have been made—indeed, after consideration of all of the evidence, the Court finds that it is just as likely as not that the Debtor formulated such intent not to repay subsequent to obtaining the borrowed funds from Lower. Therefore, Plaintiffs fail to preponderantly prove that an actionable false statement or misrepresentation was made by the Debtor, which means that their nondischargeability action under § 523(a)(2)(A) necessarily fails.

## II.

Plaintiffs' theory for relief under § 727(a) is that the Debtor failed to fully reveal all of his assets and/or failed to accurately state their value in his bankruptcy schedules. The assets that Plaintiffs refer to, in particular, are (a) various items of personalty that Lower asserts are worth somewhere in the neighborhood of $3,000, and (b) a portion of the proceeds that the Debtor received from the prepetition sale of two pieces of equipment, which portion Plaintiffs estimate to be equal to approximately $10,000. Because Plaintiffs fail to inform the Court as to which paragraphs of § 727(a) they wish to proceed under, the Court can only presume that they wish to proceed under (a) § 727(a)(2)—i.e., concealment of assets with bad intent, (b) § 727(a)(4)(A)—the making of a false oath, and (c) § 727(a)(5)—failure to satisfactorily explain a loss of assets.

█ With respect to the personalty valued by Lower at approximately $3,000, Plaintiffs (a) failed at trial to produce any evidence other than Lower's own unsubstantiated beliefs as to the correct valuation for such personalty, and (b) could not rebut at trial the Debtor's testimony (i) that some of the items that Lower thought the Debtor had left off of his bankruptcy schedules had actually been sold by the Debtor pre-petition, and (ii) that some of the personalty that the Debtor omitted from his bankruptcy schedules—but which he asserted that he owned when he answered interrogatories posed to him by Plaintiffs—were actually assets that he obtained subsequent to the commencement of the instant bankruptcy case. Consequently, Plaintiffs fail to preponderantly prove that the Debtor, with respect to such personalty in particular, concealed any assets, made a false oath, or failed to explain the loss of any assets; accordingly, Plaintiffs' discharge objection under § 727(a)(2), (4)(A), and (5) vis-a-vis such personalty must be overruled. Moreover, the Court must overrule such discharge objection under § 727(a)(2) and (4)(A) because Plaintiffs fail to preponderantly establish that the Debtor, presuming *arguendo* that he concealed such personalty or made a false oath by way of omitting or misstating information in his bankruptcy schedules, did so knowingly and with intent to hinder, delay, or defraud—of particular signifi-

cance to the Court in arriving at such conclusion is the indisputable minimal worth of the personalty in question.

■ With respect to the $10,000 in sales proceeds, the Debtor contends that he has provided both Plaintiffs and the Chapter 7 Trustee in the instant case with documentation that reveals what he subsequently did with such funds. The documentation to which the Debtor refers is a four-page document that discloses information regarding three separate checking accounts and a petty cash account of the Debtor, which document was introduced into the trial record as Plaintiffs' Exhibit 13. After examining such document (hereafter "Plaintiffs' Exhibit 13"), the Court finds that it apparently reveals that the Debtor

(a) withdrew a total of $8,750.59 from his "Landscaping Checking Account" by way of Checks No. 6629—6631 & 6640,

(b) then apparently redeposited $3,250.59 of such $8,750.59 into his "Wood Carving Checking Account,"

(c) also apparently redeposited $4,000 of such $8,750.59 into his "Personal Checking Account,"

(d) apparently redeposited $500 of such $8,750.59 as well into his wife's "Hair Designs Checking Account,"

(e) thus redeposited $7,750.59 of such $8,750.59 into other checking accounts,

(f) withdrew, by way of Check No. 116, $2,000 from his Wood Carving Checking Account without further explanation as to what such $2,000 was then utilized for,

(g) withdrew, by way of Check No. 1520, $2,000 from his Personal Checking Account without further explanation as to what such $2,000 was then utilized for, and

(h) spent for various purposes the remainder of the funds so redeposited into his Wood Carving Checking Account and Personal Checking Account.

Given the foregoing, the Court finds that Plaintiffs' Exhibit 13 fails to reveal what the Debtor ultimately did with

(a) $1,000 of the $8,750.59 that the Debtor withdrew from his Landscaping Checking Account,

(b) the $4,000 that the Debtor ultimately withdrew from his Wood Carving Checking Account and Personal Checking Account, and

(c) the $500 that was redeposited into his wife's Hair Designs Checking Account.

Because Plaintiffs' Exhibit 13 thus fails to reveal what the Debtor ultimately did with $5,500 of the $8,750.59 that the Debtor withdrew from his Landscaping Checking Account, and since the Debtor offered nothing else at trial in the way of an explanation regarding such $5,500, the Court cannot presently overrule Plaintiffs' discharge objection solely as it relates to such funds. However, the Court can presently conclude that the amount in issue is $5,500 rather than the $10,000 figure advanced by Plaintiffs. While the Court cannot presently overrule such discharge objection by Plaintiffs, the Court also concludes that it would presently be inappropriate as well to sustain such discharge objection. Therefore, instead of finally disposing of Plaintiffs' discharge objection at the present time, **the Court hereby directs the Debtor, within thirty (30) days from the entry of the instant Memorandum and Order of Court, to provide Plaintiffs with an explanation of sufficient detail as to what he did with the $5,500 at issue; if, after receiving such explanation, Plaintiffs are unsatisfied regarding the same, then they shall peti-**

tion the Court for another hearing in the instant adversary · proceeding, at which time the Court will finally resolve the remainder of Plaintiffs' discharge objection.

## III.

IN SUMMARY, (a) Plaintiffs' claim is **NOT NONDISCHARGEABLE** under § 523(a)(2)(A), and such claim will thus be **DISCHARGED** by virtue of the Debtor's Chapter 7 discharge; and (b) Plaintiffs' objection to the entry of the Debtor's Chapter 7 discharge is **CONTINUED.**